GEORGE GRUNIG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered January 31, 1978, unanimously reversed, on the law and on the facts, vacated, and a new trial ordered on the issue of damages only, without costs or disbursements, unless plaintiff, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $125,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment as so amended and reduced, is affirmed, without costs or disbursements. The damages awarded by the jury were excessive to the extent indicated. Concur—Birns, J. P., Silverman, Evans, Fein and Markewich, JJ.

SAMUEL S. SOLOW et al., Respondents, v VICTOR HERBERT, Appellant.—Order, Supreme Court, New York County, entered on July 28, 1978, affirmed for the reasons stated by Fraiman, J., at Special Term. Respondents shall recover of appellant $75 costs and disbursements of this appeal. Concur—Birns, J. P., Evans, Fein and Markewich, JJ.

Silverman, J., dissents in the following memorandum: I would grant the motion to dismiss the complaint. In my view the allegedly defamatory statements were protected by the Federal doctrine of absolute privilege as being "within the outer perimeter of [defendant's] line of duty" *(Barr v Matteo,* 360 US 564, 575; *Savarirayan v English,* 45 Ill App 3d 105).

BLASIUS INDUSTRIES, INC., Appellant, v NORTH AMERICAN WATCH CORP., Respondent.—Judgment, Supreme Court, New York County, entered September 30, 1977, fixing 1975 as the base date for the calculation of additional rent, unanimously modified, on the law, with $75 costs and disbursements of this appeal to plaintiff, to the extent of declaring 1969 as the base date and awarding judgment to plaintiff accordingly, and, except, as thus modified, affirmed. The sublease was specifically made subject to all the terms and conditions of the primary base, which was also incorporated by reference in the sublease. Its clear intention was to place the sublessee (defendant) in the shoes of the sublessor (plaintiff), by providing that the former assume the obligations of the latter to the landlord from the date the sublessee took occupancy. The base year in the primary lease for determining additional rent is 1969. The provisions of paragraphs 2, 6 and 10 of the sublease, upon which Special Term relied for its determination, merely limit defendant's obligation to pay "additional rent" on a pro rata basis for space occupied during the period of occupancy after November 1, 1975, the date defendant took possession. In no way do these provisions establish a base year different from that contained in the prime lease. Finally, there is no provision in the sublease for attorneys' fees. The provision in the primary lease allowing counsel fees is limited to the landlord's right against the lessee. Settle order. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.